# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE S. CADLE,**

                  **Plaintiff,**

**v.**                                    **Case No:   6:13-cv-1591-Orl-31GJK**

**GEICO GENERAL INSURANCE
COMPANY,**

                  **Defendant.**

---

### REPORT AND RECOMMENDATION

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE GEICO'S AFFIRMATIVE DEFENSES (Doc. No. 17)** |
| **FILED:** | **December 4, 2013** |

---

       **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    <u>BACKGROUND.</u>

       On October 15, 2013, Plaintiff filed a complaint (the "Complaint") against Defendant alleging a first party statutory bad faith cause of action, pursuant to Fla. Stat. § 624.155(1)(b)(1). Doc. No. 1.[1]   On November 13, 2013, Defendant filed and Answer and Affirmative Defenses, in

---

[1] Plaintiff originally brought suit against Defendant in state court seeking to recover damages as a result of an automobile accident.  Doc. No. 1 at ¶ 27.  The matter proceeded to a jury trial.  *See* Doc. No. 1 at ¶ 28.  On March 8, 2013, the jury entered a verdict in Plaintiff's favor in the amount of $900,000.00.  Doc. No. 1 at ¶ 28.  On June 20, 2013, the trial court granted Defendant's "Motion to Conform and Limit the Judgment to the Policy Limits and entered a Partial Final Judgment against [Defendant] in the amount of $75,000.00, the amount of the Policy's underinsured/uninsured motorist limits, plus interest at the legal rate of interest pursuant to Florida law."  Doc. No. 1 at ¶ 30.

which Defendant assert six affirmative defenses.   Doc. No. 9.   On December 4, 2013, Plaintiff filed a Motion to Strike Geico's Affirmative Defenses (the "Motion").   Doc. No. 17.   In it, Plaintiff argues that all of Defendant's affirmative defenses are "legally insufficient[,]" and therefore due to be stricken.   Doc. No. 17 at 1.   On December 23, 2013, Defendant filed a response to the Motion.   Doc. No. 22.

## II.   <u>LAW.</u>

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters."   *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989).   Affirmative defenses are subject to the general pleading requirements of Rule 8, Federal Rules of Civil Procedure.   As such, a party must "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A).   Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Federal Rules of Civil Procedure, which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Courts have wide discretion in passing on a motion to strike.   *E.g.*, *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976).   However, motions to strike are generally disfavored due to their drastic nature.   *E.g.*, *Thompson v. Kindred Nursing Ctrs., East, LLC*, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).[2]   As such, courts will only strike affirmative defenses in limited situations, such as when an affirmative defenses is insufficient as a matter of law.   "A defense is insufficient as a matter of law only if: (1) on the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."
*Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also McGlothan v. Walmart Stores, Inc.*, Case No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. Jun. 14, 2006) (stating that an affirmative defense is invalid as a matter of law if it does not meet the general pleading requirements of Rule 8, Federal Rules of Civil Procedure). Also, an affirmative defense may be stricken if it has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."   *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995).   However, where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant."   *Id.* (citing *Augustus*, 306 F.2d at 868).

## III.   ANALYSIS.

### A.  Defendant's First Affirmative Defense.

Defendant's first affirmative defense (the "First Affirmative Defense") states:

> [A]ny duty owed by [Defendant] to its insured, [Plaintiff], is governed by the terms and conditions of the subject policy issued by [Defendant], and to the extent that no duty arises under that contract for all or part of the Plaintiff's claim, the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, and therefore [Defendant] is not liable.

Doc. No. 9 at ¶ 48.   Plaintiff argues that the First Affirmative Defense should be stricken because "coverage under [Defendant's] policy has been established" and, thus, "resolution of this issue does not involve any reference to the terms and conditions of the Policy."   Doc. No. 17 at 3.   In response, Defendant argues that the "basis for [Defendant's] First Affirmative Defense is the boilerplate bad faith allegations contained in Plaintiff's Complaint."   Doc. No. 22 at 3 (citing Doc. No. 1 at ¶¶ 35-41).

The First Affirmative Defense is not a true affirmative defense.   Rather than admitting to the Complaint, the First Affirmative Defense essentially asserts that Defendant had no duty to act, and therefore the Complaint must fail as it does not state a cause of action upon which relief can be granted.   *See* Doc. No. 9 at ¶ 48.   As such, the First Affirmative Defense is properly characterized as a denial, and not an affirmative defense.   *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, Case No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (finding that defendant's assertion that plaintiff failed to state a claim was merely a denial and not an affirmative defense) (citing *Home Mgmt., Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)).   When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it.   *Id.*   Accordingly, although the First Affirmative Defense is a denial, it is recommended that the Court **DENY** the Motion as to the First Affirmative Defense.

### B.  Defendant's Second Affirmative Defense.

Defendant's second affirmative defense (the "Second Affirmative Defense") states:

> [Defendant] . . . is entitled to a setoff of for all sums paid in connection with the underlying civil action.

Doc. No. 9 at ¶ 49.   Plaintiff argues that the Second Affirmative Defense should be stricken because "an insurer is not entitled to setoffs in a bad faith lawsuit."   Doc. No. 17 at 3.   In response, Defendant argues the "because damages must be re-litigated, any amounts received by the Plaintiff in connection with this action must be setoff pursuant to Fla. Stat. 768.76[.]"   Doc. No. 22 at 4.[3]

---

[3]  Section 768.76, Florida Statutes, states, in relevant part, as follows:

> In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award

Plaintiff argues that the Second Affirmative Defense should be stricken because it is insufficient as a matter of law.   *See* Doc. No. 17 at 3-4.   In particular, Plaintiff, by arguing that setoffs are not permitted in bad faith actions, essentially argues that the Second Affirmative Defense is "clearly invalid as a matter of law."   *Microsoft Corp.*, 211 F.R.D. at 683.   Plaintiff, however, cites no authority in support of her position.   *See* Doc. No. 17 at 3-4.[4]   Defendant, meanwhile, argues that setoffs are permitted in bad faith actions, pursuant to Fla. Stat. § 768.76. Doc. No. 22 at 4.   Defendant, however, cites no authority in which that statute has been applied in a first party statutory bad faith action.   *See* Doc. No. 22 at 4-5.   Given the lack of any authority concerning the applicability of setoffs in a first party statutory bad faith action, the undersigned finds that Plaintiff has not convincingly demonstrated that the Second Affirmative Defense is "clearly" invalid as a matter of law.   Instead, the undersigned finds that the Second Affirmative Defense meets the minimum pleading requirements of Rule 8, Federal Rules of Civil Procedure, by adequately apprising Plaintiff of Defendant's intention to raise setoff, and does not otherwise prejudice Plaintiff.   *See Reyher*, 881 F.Supp. at 576 (an affirmative defense may be stricken if it prejudices a party).   Accordingly, it is recommended that the Court **DENY** the Motion as to the Second Affirmative Defense.

---

> by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant's immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury[.]

Fla. Stat. § 768.76(1).

[4] Plaintiff represents that she "did not discover any case law permitting setoffs in a bad faith lawsuit," and, as a result, maintains that the Second Affirmative Defense should be stricken.   Doc. No. 17 at 4.

**C. Defendant's Third Affirmative Defense.**

Defendant's third affirmative defense (the "Third Affirmative Defense") states:

> Plaintiff's claim for punitive damages is barred by § 627.737(4), Florida Statutes.

Doc. No. 9 at ¶ 50.   Plaintiff argues that the Third Affirmative Defense should be stricken because the Florida Supreme Court "unequivocally" held that an insured may collect punitive damages in a first party statutory bad faith action.   Doc. No. 17 at 5 (citing *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So.2d 55 (Fla. 1995)).

On November 13, 2013, Defendant filed a motion to dismiss Plaintiff's request for punitive damages.   Doc. No. 10.   On December 18, 2013, the Court entered an order granting Defendant's motion to dismiss.   Doc. No. 21.   In light of the Court's order dismissing Plaintiff's request for punitive damages, Plaintiff's request to strike the Third Affirmative Defense is moot. Accordingly, it is recommended that the Court **DENY** the Motion as to the Third Affirmative Defense.

**D. Defendant's Fourth and Fifth Affirmative Defenses.**

Defendant's fourth and fifth affirmative defenses (the "Fourth and Fifth Affirmative Defenses") state:

> [U]nder the totality of the circumstances, [Defendant] did not have a realistic opportunity to settle the subject claim within the applicable policy limits.
>
> [Defendant] states that the Plaintiff was unwilling to settle her claim within the applicable policy limits.

Doc. No. 9 at ¶¶ 51-52.   Plaintiff argues that the Fourth and Fifth Affirmative Defenses should be stricken because they are "factually unsupported[.]"   Doc. No. 17 at 6.   In response, Defendant argues that "whether [its] Fourth and Fifth Affirmative Defenses are 'factually supported' is an

issue suited for summary judgment and/or trial, and not a basis to strike an affirmative defense."
Doc. No. 22 at 5.

The Fourth and Fifth Affirmative Defenses are not true affirmative defenses.   Instead,
these defenses, as Plaintiff's and Defendant's arguments suggest, are denials of allegations in the
Complaint.   *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense
which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *see
also Bluewater Trading LLC v. Willmar, Inc.*, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008)
("[W]here a party labels a specific denial as a defense in its pleadings, courts will generally treat
the defense as a denial.").   As previously stated, the appropriate remedy is to treat the Fourth and
Fifth Affirmative Defenses as denials, and not to strike the defenses.   *See Premium Leisure*, 2008
WL 3927265, at *3; *Home Mgmt., Solutions*, 2007 WL 2412834, at *3.   Accordingly, it is
recommended that the Court **DENY** the Motion as to the Fourth and Fifth Affirmative Defenses.

### E.  Defendant's Sixth Affirmative Defense

Defendant's sixth affirmative defense (the "Sixth Affirmative Defense") states:

> Plaintiff has failed to state a cause of action upon which relief can
> be granted, because the Plaintiff has failed to allege any recoverable
> damages consistent with the mandate of the Second District Court
> of Appeal, as set forth in *Geico Gen. Ins. Co. v. Bottini*, 93 So.3d
> 476 (Fla. 2d DCA 2012).

Doc. No. 9 at ¶ 53.   Plaintiff argues that the Sixth Affirmative Defense is misleading because the
majority opinion in *Bottini* does not discuss what damages are recoverable in a first party statutory
bad faith action.   Doc. No. 17 at 6-7.   In response, Defendant argues that *Bottini*, and other cases,
have found that damages in a first party statutory bad faith action cannot be based on damages in
an underlying verdict.   Doc. No. 22 at 6.   As such, Defendant argues that the Sixth Affirmative
Defense appropriately argues that Plaintiff, in light of *Bottini*, has failed to state a cause of action

upon which relief may be granted because her request for damages is based on the underlying verdict.   Doc. No. 22 at 6.

The Sixth Affirmative Defense is a not a true affirmative defense, because it points out a defect in the Complaint.   *See Premium Leisure,* 2008 WL 3927265, at *3; *Home Mgmt., Solutions,* 2007 WL 2412834, at *3.   As previously stated, the appropriate remedy is to treat the Sixth Affirmative Defenses as a denial, and not to strike the defense.   *Id*.   Furthermore, the undersigned finds that the Sixth Affirmative Defense is not so misleading as to prejudice Plaintiff, because Plaintiff acknowledges that Defendant's "citation to *Bottini* refers to a concurring opinion, not the opinion itself."   Doc. No. 17 at 7.   Given Plaintiff's understanding of the Sixth Affirmative Defense, the undersigned finds that the Sixth Affirmative Defense should not be stricken. Accordingly, it is recommended that the Court **DENY** the Motion as to the Sixth Affirmative Defense.

## IV.   <u>CONCLUSION.</u>

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 17) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on February 10, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy