# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE S. CADLE,**

    **Plaintiff,**

**v.**           Case No: 6:13-cv-1591-Orl-31GJK

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion for Partial Summary Judgment (Doc. 70), Plaintiff's opposition thereto (Doc. 75), Defendant's Reply (Doc. 87), and Notices of Supplemental Authority (Docs. 90, 91).[1]

### I. Background

This is a first-party bad faith action brought by Catherine S. Cadle ("Cadle") against GEICO General Insurance Company ("GEICO"), seeking to recover the damages awarded to her by a state court jury in the underlying underinsured motorist ("UM") claim against GEICO.[2]

### II. The Facts

On July 27, 2007, Cadle was involved in an automobile accident with Derek S. Friend. At the time, Cadle was insured under a GEICO insurance policy that carried a total UM benefit of $75,000.00. Friend was insured by Allstate with a limit of $25,000.00.

---

[1] Plaintiff also filed a Motion for Summary Judgment as to liability. (Doc. 68). That motion was dealt with in a separate order. (Doc. 92).

[2] *Cadle v. GEIGO*, Circuit Court, Brevard County No. 05-2009-CA-013025.

After receiving payment of $25,000.00 from Allstate and exhausting her $10,000.00 PIP benefit, Cadle made a demand on GEICO for payment of the $75,000.00 UM benefit. GEICO declined, and Cadle filed suit against GEICO in state court on March 19, 2009. On February 2, 2010, GEICO tendered payment of the full $75,000.00 UM benefit, but Cadle rejected that offer and proceeded to trial. On March 8, 2013, the Brevard County jury rendered a verdict for Cadle and against GEICO in the amount of $900,000.00. Thereafter, judgment was entered against GEICO in the amount of $75,000.00, representing the UM policy limit. GEICO did not appeal from that judgment.

On October 15, 2013, Cadle filed this action, pursuant to § 624.155(1)(b)(1), Florida Statutes, alleging first-party bad faith against GEICO, and seeking to recover the full amount of the Brevard County verdict, $900,000.00, less applicable set-offs. (Doc. 1). GEICO denies that it acted in bad faith. (Doc. 9).

### III.     Summary Judgment Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### IV.     The Issue

By its Motion for partial Summary Judgment, GEICO seeks a ruling that the jury's $900,000.00 verdict in the underlying action is not binding as a measure of damages in this case. Plaintiff disagrees, contending that she need not re-try the damages issue. In sum, Plaintiff contends

that if she proves bad faith in this case, her damages are already fixed at $900,000.00, less appropriate set-offs. This appears to be purely an issue of law for the Court to resolve.

**V.     Analysis**

Florida law provides a statutory remedy for first party bad faith, but unfortunately does not establish a procedure for determining damages; and the law in this regard is in a state of flux.

In *GEICO General Insurance Co. v. Bottini*, 93 So. 3d 476, 477 (Fla. Dist. Ct. App. 2012), Judge Altenbernd, in a concurring opinion, expressed concern over the Court's scope of review in considering alleged errors in a verdict that does not affect the judgment. Several courts have used that opinion to conclude that the underlying excess verdict is not binding in the subsequent bad-faith trial. *See King v. Gov't Employees Ins. Co.*, 8:10-CV-977-T-30AEP, 2012 WL 4052271 (M.D. Fla. Sept. 13, 2012) ("[T]he $1,638,171.00 [underlying] verdict is not an element of damages that conclusively determines the amount of damages in this instant [first-party bad faith] case."); *see also Harris v. Geico Gen. Ins. Co.*, 961 F. Supp. 2d 1223, 1233 (S.D. Fla. 2013) (adopting rule from *King*).[3] Other courts have ruled differently. *See Batchelor v. Geico Cas. Co.*, 6:11-CV-1071-ORL-37, 2014 WL 3906312, at *4 (M.D. Fla. June 9, 2014) ("Plaintiff's damages were fixed by the verdict in the underlying action . . . .").

The most recent ruling on this issue by a Florida appellate court is found in *GEICO General Insurance Co. v. Paton*, 4D12-4606, 2014 WL 4626860 (Fla. Dist. Ct. App. Sept. 17, 2014) (at time of this Order, the *Paton* opinion has not been released for publication and is subject to revision or withdrawal). In *Paton*, the Fourth District Court of Appeal affirmed the final judgment of a first-party bad faith action, expressly holding that "the jury's determination of damages in the first trial

---

[3] Harris is on appeal to the Eleventh Circuit Court of Appeals. *See Harris v. GEICO Gen. Ins. Co.*, No. 13-14171-FF, 2013 WL 6909993 (11th Cir. Dec. 26, 2013).

was binding on the insurance company in the bad faith trial." *Id.* at *1. The Florida circuit court hearing the first-party bad faith case treated the excess judgment as conclusive evidence of the bad faith damages. GEICO argued on appeal that this violated its due process rights and right to appeal. However, after examining the bad faith statute, its history, and reviewing *Batchelor*, the appellate court found that GEICO's rights were not infringed and that the proper procedure in a first-party bad faith case is to use the excess judgment from the UM coverage case as the measure of damages.[4]

Although this Court shares the concern expressed by Judge Altenbernd in *Bottini*, the current state of law in Florida does not support Defendant's position. *See Paton*, 4D12-4606, 2014 WL 4626860, at *4 (Fla. Dist. Ct. App. Sept. 17, 2014). Thus, as it now stands, the Court is compelled to deny Defendant's Motion.

It is therefore,

**ORDERED**, the Plaintiff's Motion for Summary Judgment (Doc. 70) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 6, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] In *Paton*, the state trial court allowed plaintiff to amend her complaint to assert a bad faith claim after the initial jury verdict was rendered. Thus, the bad faith and damage issues were all part of the same case. The *Paton* court noted, however, that this procedure might become problematic in a case such as this, where a plaintiff files an entirely separate action for bad faith. *Paton*, 4D12-4606, 2014 WL 4626860, at *5 n.4. And in *Batchelor*, Judge Dalton stated "Had Defendant not appealed the issue of damages . . . the outcome might have been different." *Batchelor*, 6:11-CV-1071-ORL-37, 2014 WL 3906312, at *3 n.5.