UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CATHERINE S. CADLE,**

    **Plaintiff,**

v.                                                Case No:    6:13-cv-1591-Orl-31GJK

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**

___

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **GEICO GENERAL INSURANCE COMPANY'S MOTION TO TAX COSTS (Doc. No. 166)**
>
> **FILED:**    **March 9, 2015**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.**      **BACKGROUND.**

On October 15, 2013, Plaintiff filed a complaint against Defendant, her automobile insurance provider, alleging that it acted in bad faith by failing to settle her claim for underinsured motorist benefits, in violation of Fla. Stat. § 624.155(1)(b)(1). Doc. No. 1. On December 1, 2014, the matter proceeded to a jury trial. Doc. No. 124. On December 3, 2014, the jury returned a verdict in Plaintiff's favor. Doc. Nos. 125; 129; 137. On December 17, 2014, Defendant filed

a Renewed Motion for Judgment as a Matter of Law. Doc. No. 143.[1] On February 24, 2015, the Court entered an order granting Defendant's Renewed Motion for Judgment as a Matter of Law. Doc. No. 163. On February 26, 2015, the Clerk entered judgment in Defendant's favor and against Plaintiff. Doc. No. 165.[2] On March 9, 2015, Defendant filed a Motion to Tax Costs (the "Motion"). Doc. No. 166. On March 23, 2015, Plaintiff filed a response in opposition to the Motion. Doc. No. 170.

**II.    LAW.**

Rule 54, Federal Rules of Civil Procedure, provides, in relevant part, that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (citation omitted).[3] To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so. *Id*.

"[A] court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, a district court may not award costs under Rule 54 "in excess of

---

[1] Defendant originally made an ore tenus motion for directed verdict at trial, but the Court deferred its ruling on the motion. Doc. No. 125 at 2.

[2] Plaintiff has appealed the judgment, and that appeal remains pending. Doc. No. 171.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id*. When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). However, the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

**III.   ANALYSIS.**

Defendant, as the prevailing party, is entitled to recover its costs pursuant to § 1920. Defendant requests an award of $32,679.02 in costs. Doc. No. 166 at 4. Plaintiff does not contest Defendant's status a prevailing party. *See* Doc. No. 170. Plaintiff, though, does contest many of Defendant's claimed costs, arguing that Defendant is only entitled to an award of $7,636.77 in costs. *Id.* at 13.

**A. Costs for Service of Subpoenas.**

Defendant seeks a total of $1,100.00 in costs for service of various subpoenas. Doc. Nos. 166 at 4, 166-1 at 1, 3, 6-17. The subpoenas were served by a private process server. Doc. No. 166-1 at 6-17. "It is well settled that costs for having a private process server serve . . . subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921." *Magaldi v. Safeco Ins. Co. of Am.*, 2009 WL 1851102, at * 6 (S.D. Fla. June 29, 2009) (citing *W & O, Inc.*, 213 F.3d at 624). The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114. The record reveals that all of the subpoenas were served after October 30, 2013 (Doc. No. 166-1 at 6-17), at which time the U.S. Marshals Service was authorized to collect $65.00 per hour for service of process, plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3) (2013).

**1. Subpoenas Duces Tecum.**

Defendant seeks a total of $360.00 in costs for service of four (4) subpoenas duces tecum. Doc. No. 166-1 at 3, 12-14, 17. Plaintiff argues that Defendant is not entitled to recover these costs because the subpoenas were quashed by the Court. Doc. No. 170 at 4. Indeed, on May 28 and July 18, 2014, the Court entered orders quashing the subpoenas duces tecum at issue. Doc. Nos. 45; 74. The undersigned finds that Defendant is not entitled to recover costs for subpoenas

that were quashed. *See Tardif v. People for the Ethical Treatment of Animals*, Case No. 2:09-cv-537-FtM-29SPC, 2012 WL 3668039, at *4 (M.D. Fla. Aug. 24, 2012) (declining to award costs for service of subpoenas later quashed by the court). Accordingly, the undersigned finds that Defendant is not entitled to recover any costs for serving the subpoenas duces tecum.

### 2. Deposition Subpoena.

Defendant made two attempts to serve Nicholas Panagakis, Esq., with a deposition subpoena during April and May of 2014. Doc. No. 166-1 at 15-16. The first attempt to serve Mr. Panagakis was unsuccessful, but the second attempt was successful. *Id*. Defendant was charged $60.00 for each attempt to serve Mr. Panagakis, and thus seeks a total of $120.00 in costs for service of the deposition subpoena on Mr. Panagakis. *Id*. at 3, 15-16. Plaintiff argues that she "should not be required to pay for unsuccessful attempts to serve subpoenas[.]" Doc. No. 170 at 3 (citing *Aboy v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2509836 (S.D. Fla. May 25, 2010)).[4] Further, Plaintiff argues that Defendant is only entitled to recover $55.00, as opposed to $60.00, for serving Mr. Panagakis. *Id*. Thus, Plaintiff maintains that Defendant is only entitled to recover $55.00 in connection with service of the deposition subpoena on Mr. Panagakis. *Id*. at 2.

The first attempt to serve a subpoena is not always successful, thus necessitating multiple service attempts. Often, the need for multiple service attempts is due to matters outside the control of the party issuing the subpoena, such as evasion of service or the witness's unavailability. Whatever the case may be, it is imperative that the party seeking costs for multiple service attempts provide evidence justifying the need for multiple service attempts. *See Cobb v. City of Roswell,*

---

[4] In *Aboy*, the prevailing party moved to continue the trial due to the unavailability of its corporate representatives. *Aboy*, 2010 WL 2509836, at *2. The district court granted the relief and continued the trial. *Id*. As a result, the prevailing party re-served trial subpoenas on several witnesses. *Id*. The prevailing party later requested the costs associated with re-serving the trial subpoenas. *Id*. The district court declined to award such costs, since the costs would not have been incurred but for the unavailability of the prevailing party's corporate representatives. *Id*. Accordingly, *Aboy* is distinguishable from this case.

*Ga.*, 987 F. Supp. 2d 1319, 1324 (N.D. Ga. 2013) (awarding costs associated with "multiple, necessary attempts" to serve a witness with a subpoena); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333-34 (S.D. Fla. 2009) (awarding total requested costs for service of subpoena where the plaintiff had previously refused to participate in the case, thereby requiring process server to make repeated attempts at service); *but see Tampa Bay Water v. HDR Eng'g, Inc.*, Case No. 8:08-cv-2446-T-27TBM, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012) (disallowing "multiple charges for attempting to serve the same individual at different addresses").  Here, the only evidence concerning the first attempt to server Mr. Panagakis is an invoice from the process server. Doc. No. 166-1 at 16.  The invoice, though, contains no information why the process server was unable to server Mr. Panagakis.  *Id*.  Absent such evidence, Defendant should not recover the costs incurred for the first attempt to serve Mr. Panagakis.  As for the costs associated with the second attempt to serve Mr. Panagakis, Defendant is entitled to recover the entire fee charged for that attempt, since it is less than what is allowed under the applicable statute and regulation.  28 C.F.R. § 0.114(a)(3) (2013).  Accordingly, the undersigned finds that Defendant is entitled to recover $60.00 in costs for serving the deposition subpoena on Mr. Panagakis.

### 3. Trial Subpoenas.

Defendant seeks a total of $620.00 in costs for service of five (5) trial subpoenas.  Doc. No. 166-1 at 3, 6-11.  The chart below details the individuals served with trial subpoenas, the type of service, whether the individual was served, and the cost of service:

| Witness | Type of Service | Outcome of Service | Cost |
|---|---|---|---|
| Lacey Batchelor | Rush | Unsuccessful | $100.00 |
| Lacey Batchelor | Rush | Successful | $100.00 |
| Catherine Cadle | Rush | Unsuccessful | $100.00 |
| Nicholas Panagakis | Rush | Successful | $110.00 |
| Penny Creech | Rush | Successful | $110.00 |
| Grant Crawford | Rush | Successful | $100.00 |

*Id*. Plaintiff argues that these costs should be denied for three (3) reasons. Doc. No. 170 at 3-4. First, Plaintiff argues that Defendant "should not be permitted to recover costs for serving witnesses who it did not call to testify during its case in chief." *Id*. at 4. Second, as previously discussed, Plaintiff argues that she "should not be required to pay for unsuccessful attempts to serve subpoenas[.]" *Id*. at 3. Third, Plaintiff argues that Defendant is not entitled to recover costs associated with rush service. *Id*. at 3-4. In light of these arguments, Plaintiff maintains that Defendant is not entitled to recover any costs for service of the trial subpoenas. *Id*.

A party may recover the costs for service of a trial subpoena even when that party does not call the witness at trial. *See, e.g.*, *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, Case No. 5:97-cv-15-Oc-10C, 2001 WL 862642, at *1 (M.D. Fla. May 4, 2001) (awarding costs for service of subpoenas on two trial witnesses who never testified); *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012) (same).[5] Here, Plaintiff and Defendant identified each of the individuals above as witnesses they will or may call at trial. Doc. Nos. 106; 110. Though Defendant ultimately did not call any of the witnesses it served with a trial subpoena at trial, it was nevertheless reasonably necessary to subpoena those witnesses to appear at trial.[6] Defendant, however, has not demonstrated that rush service of the trial subpoenas was necessary. Doc. Nos. 166; 166-1. Therefore, Defendant should not recover the costs associated with rush fees. *See, e.g.*, *Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 1587663, at *3 (S.D. Fla. May 4, 2012) (declining costs for rush service where prevailing party failed to demonstrate why rush service was necessary); *Brown v. Lassiter-Ware Inc.*, Case No. 6:11-cv-1074-Orl-36DAB, 2014

---

[5] Plaintiff cites no case law to the contrary. Doc. No. 170 at 4.

[6] Plaintiff also appears to argue that she should not have to pay for the costs to serve Defendant's trial subpoenas because she separately paid to subpoena the same individuals. Doc. No. 170 at 4. Plaintiff, however, cites no authority in support of this argument, and the undersigned finds the argument unpersuasive.

WL 5258912, at *2 (M.D. Fla. Oct. 15, 2014) (same). Further, the undersigned is not persuaded that Defendant should recover the costs for its attempt to serve Plaintiff, since Defendant, for whatever reason, never served Plaintiff with a trial subpoena. Therefore, the undersigned finds that Defendant is entitled to recover the costs for serving trial subpoenas on Ms. Batchelor,[7] Mr. Panagakis, Ms. Creech, and Mr. Crawford, minus the cost for rush service. The amount charged for rush service is not separately delineated in the invoices for the trial subpoenas. Doc. No. 166-1 at 6-11. Nevertheless, comparison of the invoices involving rush service with those involving "routine" service, reveals that the cost of rush service ranged from an additional $50.00 to $60.00 from the "routine" service charge of $60.00. *Compare* Doc. No. 166-1 at 6-14 *with* Doc. No. 166-1 at 15-17. Accordingly, Defendant is entitled to recover $300.00 in costs for serving trial subpoenas on Ms. Batchelor, Mr. Panagakis, Ms. Creech, and Mr. Crawford.

### B. Costs for Printed or Electronically Recorded Transcripts.

Defendant seeks a total of $9,025.19 in costs for printed and/or electronically recorded deposition and trial transcripts. Doc. Nos. 166 at 4, 166-1 at 1, 3, 19-29. Plaintiff maintains that Defendant is only entitled to recover $4,810.24 in costs for the deposition and trial transcripts at issue. Doc. No. 170 at 7-8.

#### 1. Costs of Deposition Transcripts.

Defendant seeks a total of $7,180.19 in costs associated with nine (9) depositions. Doc. No. 166-1 at 3, 19-26. "Taxation of deposition costs is authorized by § 1920(2)." *W & O, Inc.*, 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). However, "where

---

[7] Defendant should recover the cost associated with its first attempt to serve Ms. Batchelor. The only evidence concerning the first attempt to server Ms. Batchelor is an invoice from the process server. Doc. No. 166-1 at 6. The invoice indicates that the process server first attempted to serve Ms. Batchelor at her place of employment, USAA Insurance, but was informed by security that no one by that name worked there. *Id*. As a result, the process server made a second attempt to personally serve Ms. Batchelor with the trial subpoena the following day, and was successful. *Id*. at 7. On this record, the undersigned finds that Defendant is entitled to recover for the failed attempt to serve Ms. Batchelor.

the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id*. (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)). Ultimately, the question of whether costs for a deposition are recoverable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. *Id*. at 620-21.

Plaintiff does not contest the necessity of any of the depositions, and concedes that Defendant is entitled to recover the costs for all but one of the deposition transcripts and the court reporter's appearance fee. Doc. No. 170 at 7-8. Plaintiff argues that Defendant is not entitled to any costs associated with Joseph Kissane's deposition because he was not called to testify at trial. *Id*. at 7.[8] As for the other depositions, Plaintiff argues that Defendant is not entitled to recover the following incidental costs associated with the depositions: videotaping a deposition; conducting a deposition via video teleconference; transcript exhibits; digital copies of the transcript and exhibits (in addition to a printed copy); condensed transcripts; summaries; and shipping. *Id*. at 7-8. In light of these objections, Plaintiff maintains that Defendant is only entitled to recover $4,450.24 in costs for the depositions. *Id*.

As Plaintiff concedes, the depositions at issue were necessarily obtained for use in the case. Therefore, Defendant is entitled to recover the costs associated with a single copy of each deposition transcript and the court reporter's appearance fee. This includes the deposition of Mr. Kissane who was deposed by Plaintiff. *See* Doc. No. 76-2. As previously mentioned, Plaintiff argues that Defendant should not recover any costs associated with Mr. Kissane's deposition because he did not testify at trial. Plaintiff, though, cites no authority in support of her position,

---

[8] Mr. Kissane served as Defendant's expert witness.

nor is the undersigned aware of any authority prohibiting costs for a deposition on that basis. *See* Doc. No. 170. Further, in light of Plaintiff's attempt to strike Mr. Kissane (Doc. No. 76) as an expert witness, it was necessary for Defendant to obtain a copy of Mr. Kissane's deposition transcript. Therefore, Defendant is entitled to recover the cost of a single copy of Mr. Kissane's deposition transcript. Doc. No. 166-1 at 21.[9]

Next, Defendant seeks costs for videotaping Mr. Panagakis' deposition and conducting Plaintiff's deposition via video teleconference. Doc. No. 166-1 at 3, 20, 22. "[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). "However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case." *Ferguson v. Bombardier Servs. Corp.*, Case No. 8:03-cv-539-T-30MSS, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) (citing *Morrison*, 97 F.3d at 465). Defendant provides no explanation why it was necessary to obtain a transcript and videotape of Mr. Panagakis' deposition. *See* Doc. Nos. 166; 166-1.[10] Likewise, Defendant has failed to justify the cost for conducting Plaintiff's deposition via video teleconference. *Id.* As other courts have observed, the cost associated with conducting a deposition by video conference is akin to unrecoverable travel costs, because use of such technology is simply a convenience that obviates the need for travel to a distant deposition. *See, e.g.*, *Ramonas v. W.V. Univ Hospitals-*

---

[9] There are several other incidental costs associated with Mr. Kissane's deposition (Doc. No. 166-1 at 21), however, as explained in more detail below, Defendant is not entitled to recover those costs.

[10] Mr. Panagakis appeared during the trial and testified during Plaintiff's case-in-chief. Doc. No. 124 at 2.

*East, Inc.*, 2010 WL 3282667, at *11 (N.D. W.Va. Aug. 19, 2010) (declining to award costs for conducting a deposition via video conference on the basis that such costs were incurred for the convenience of the parties); *Tardif*, 2012 WL 3668039, at *3 (same). The undersigned finds this reasoning persuasive. For these reasons, Defendant is not entitled to recover the costs for videotaping Mr. Panagakis' deposition or conducting Plaintiff's deposition via video teleconference.

Defendant also seeks costs for the following: transcript exhibits; digital copies of the transcript and exhibits (in addition to a printed copy); condensed transcripts; summaries; and shipping. Doc. No. 166-1 at 3, 19-24, 26. Generally, a prevailing party may recover the cost for deposition transcript exhibits where the party has demonstrated that the exhibits were necessarily obtained for use in the case, and not for the party's convenience. *See, e.g.*, *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, Case No. 6:08-cv-2165-Orl-28GJK, 2011 WL 5358548, at *4 (M.D. Fla. Oct. 17, 2011) (citing authority) *report and recommendation adopted*, 2011 WL 5358668 (M.D. Fla. Nov. 7, 2011); *Berrios v. Univ. of Miami*, 2012 WL 7051307, at *4 (S.D. Fla. Oct. 25, 2012) (denying cost for transcript exhibits where prevailing party failed to provide any explanation why the exhibits were necessarily obtained for use in the case) *report and recommendation adopted*, 2012 WL 7008241 (S.D. Fla. Dec. 19, 2012). Defendant provides no explanation why it was necessary to obtain the transcript exhibits in this case. Doc. Nos. 166; 166-1. Therefore, it appears that Defendant obtained the transcript exhibits merely for its convenience, and thus may not recover the costs associated with the exhibits. Likewise, the costs for digital and condensed deposition transcripts, summaries, and shipping of the transcripts are not recoverable. *See, e.g.*, *Ferguson*, 2007 WL 601921, at *4 (denying recovery of condensed transcripts); *Awwad v. Largo Med. Ctr., Inc.*, Case No. 8:11-cv-1638-T-24TBM, 2013 WL

6198856, at *4 (M.D. Fla. Nov. 27, 2013) (denying recovery of shipping costs associated with deposition transcripts) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012)).

### 2. Cost of Trial Transcripts.

Defendant seeks a total of $1,845.00 in costs for three (3) trial transcripts it requested in connection with post-trial motions. Doc. No. 166-1 at 3, 27-29.[11] The cost of trial transcripts may be recovered when such transcripts are necessary for use in the case. 28 U.S.C. § 1920(2). Plaintiff does not contest the necessity of the trial transcripts (Doc. No. 170 at 8), and the undersigned finds that such transcripts were necessary to argue and/or respond to the post-trial motions filed in this case. *See, e.g.*, *Snow v. Boston Mut. Life Ins. Co.*, 2014 WL 641879, at *3 (M.D. Ala. Feb. 19, 2014) (awarding costs for trial transcript as necessary to respond to opposing party's post-trial motion); *Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) (same). Plaintiff, though, does challenge the amount of costs sought for two (2) original trial transcripts: 1) Defendant's ore tenus motion for directed verdict; and 2) excerpts of trial testimony. Doc. No. 170 at 8. The court reporter charged Defendant $60.50 (10 pages x $6.05 per page) for the transcript of its ore tenus motion for directed verdict, and $1,754.50 (290 pages x $6.05 per page) for the transcript containing excerpts of trial testimony. Doc. No. 166-1 at 28-29. Plaintiff baldy argues that the price charged by the court reporter for each page should be reduced from $6.05 to $1.20, thus reducing the costs for transcripts of the ore tenus motion for directed verdict and excerpts of trial testimony to $12.00 and $348.00, respectively. Doc. No. 170 at 8.[12] The undersigned is not persuaded, and finds that Defendant is entitled to recover the full amount charged by the court reporter for all three (3) trial transcripts.

---

[11] The three (3) trial transcripts were divided as follows: 1) Plaintiff's closing argument; 2) Defendant's ore tenus motion for directed verdict; and 3) excerpts of trial testimony. Doc. No. 166-1 at 27-29.

[12] The court reported charged $6.05 per page for original transcripts, and $1.20 per page for first copies of transcripts.

### C. Witness Fees.

Defendant seeks a total of $348.72 in costs for witness fees paid to the following individuals for their appearance at trial: 1) Ms. Batchelor; 2) Mr. Panagakis; 3) Penny Creech; and 4) Grant Crawford. Doc. Nos. 166 at 4; 166-1 at 1-3, 7, 9-11. The Court may tax costs for "[f]ees and disbursements for . . . witnesses." 28 U.S.C. § 1920(3). Witness fees are set by 28 U.S.C. § 1821(b), which provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance" at trial or deposition. *Smith v. Naples Cmty. Hosp., Inc.*, Case No. 2:08-cv-952-FtM-29SPC, 2011 WL 1100136, at *2 (M.D. Fla. Mar. 23, 2011). Courts have no authority to exceed this amount, as "[n]othing over the statutory amount is recoverable." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979). However, a "witness who travels by privately owned vehicle[,]" is entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government[.]" 28 U.S.C. § 1821(c)(2).

Plaintiff argues that Defendant is not entitled to recover any witness fees because it did not call any of the foregoing witnesses at trial. Doc. No. 170 at 4-5 (citing *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000)). In determining whether a prevailing party may recover witness fees, the relevant inquiry is not actual testimony or physical presence but the readiness to testify. *Hurtado v. U.S.*, 410 U.S. 578, 586 (1973); *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir. 1987); *George*, 114 F. Supp. 2d at 1299-1300; *Barrera*, 900 F. Supp. 2d at 1333-34; *see Hernandez v. Wilsonart Int'l, Inc.*, Case No. 2:09-cv-747-FtM-36SPC, 2011 WL 7092657, at *4 (M.D. Fla. Dec. 30, 2011) *report and*

---

*Compare* Doc. No. 166-1 at 27 *with* Doc. No. 166-1 at 28-29.

*recommendation adopted*, 2012 WL 220265 (M.D. Fla. Jan. 25, 2012) (awarding witness fees even though case was dismissed on summary judgment). Here, Plaintiff and Defendant identified each of the individuals above as witnesses they will or may call at trial. Doc. Nos. 106; 110. Further, all of the witnesses, with the exception of Ms. Creech, testified during trial. Doc. Nos. 124; 125.[13] Finally, the evidence presented by Defendant indicates that all of the above individuals, including Ms. Creech, attended and were available to testify at the trial. Doc. No. 166-1 at 2.[14] On this record, the undersigned finds that Defendant is entitled to recover all of the requested witness fees.[15]

**D. Copying Costs.**

Defendant seeks a total of $21,530.11 in costs for copies. Doc. Nos. 166 at 4; 166-1 at 1, 4, 31-55. Defendant divides the copies at issue into eight (8) categories, providing a short description of each category. Doc. No. 166-1 at 4. The chart below details each category and the costs associated thereto:

| Copies | Cost |
|---|---|
| Copies made of GEICO's paper claim file to respond to discovery requests and necessary for use in litigation. | $111.32 |
| Copies made of GEICO's Electronic Claim file to respond to discovery requests and necessary for use in litigation. | $433.56 |
| Copies made of GEICO's Home office claim file to respond to discovery requests and necessary for use in litigation. | $130.42 |
| Copies made of GEICO's underlying attorney Douglas La Pointe/Cameron Hodges' litigation file to respond to discovery requests and necessary for use in litigation. | $7,378.28 |
| Copies made of documents received from Plaintiff in Response to Request for Production. | $315.82 |
| Invoice of discovery from Plaintiff. | $360.76 |

---

[13] Though Plaintiff draws attention to the fact that the witnesses only testified during her case-in-chief, she cites no authority prohibiting the recovery of witness fees on that basis. *See* Doc. No. 170 at 4-5.

[14] Plaintiff does not contest whether Ms. Creech was available to testify. *See* Doc. No. 170 at 4-5.

[15] Plaintiff does not contest the amount of the witness fees sought by Defendant, each of which exceed $40.00. *See* Doc. No. 170 at 4-5. Nevertheless, the undersigned has considered the amount of each witness fee and finds that each is reasonable in light of the costs incurred by each witness for travel to the Court. Doc. No. 166-1 at 2.

| | |
|---|---|
| Copies made of exhibits for trial notebooks and costs of trial notebooks. | $4,944.95 |
| In-house copies of pleadings and discovery necessary for use in litigation and trial, including copies of GEICO's claim files, underlying litigation file, documents for use at deposition, and documents sent to Plaintiff. | $7,855.00 |

*Id*. Costs for "making copies of any materials . . . necessarily obtained for use in the case" are taxable. 28 U.S.C. § 1920(4). Specifically, "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable[,]" whereas "[c]opies obtained only for the convenience of counsel," such as "[e]xtra copies of filed papers, correspondence, and copies of cases" are not. *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by W & O, Inc.*, 213 F.3d 600.

    **1. Copies of Claim Files.**

    Plaintiff argues that the Defendant should not recover any costs for making copies of its paper claim file, electronic claim file, and home office claim file since the documents were already in her possession. Doc. No. 170 at 9 (citing *Aboy*, 2010 WL 2509836, at *3). *Aboy*, however, does not support Plaintiff's position, since the district court only declined to award the defendant insurance company costs for in-house copies of its claim files. *Aboy*, 2010 WL 2509836, at *3. Here, unlike *Aboy*, the copies of Defendant's paper claim file, electronic claim file, and home office claim file were made and provided to Plaintiff in response to her request for production (Doc. No. 32-1). Doc. No. 166-1 at 4. Copies attributable to discovery are recoverable under § 1920(4). *W & O, Inc.*, 213 F.3d at 623 (citing *Desisto Coll., Inc.*, 718 F. Supp. at 913). Therefore, the undersigned finds that the costs for copies of Defendant's paper claim file, electronic claim file, and home office claim file are recoverable.

Next, Plaintiff argues that if the above costs are recoverable, then the costs sought by Defendant for making copies of its paper claim file and home office file should be reduced by one-half because these costs include duplicate charges for hard copies and digital copies of the same documents. Doc. No. 170 at 9-10.[16] A party seeking reimbursement for copying costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Defendant provides no explanation why it produced both hard and digital copies of its paper claim file and home office file to Plaintiff. *See* Doc. Nos. 166; 166-1 at 31, 35. As such, the Court cannot determine whether it was necessary to make both hard and digital copies of the paper claim file and home office file. Accordingly, the undersigned finds that Defendant's costs for making copies of its paper claim file and home office file should be reduced by half. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (finding costs for "unspecified copying" that did "not allow the court to determine whether the documents were necessarily obtained for use in the case" were not recoverable under § 1920).

### 2. Copies of the Underlying Litigation File.

Defendant seeks $7,378.28 in costs for making copies of its underlying litigation file, which consists of the following: 1) $2,335.91 for hard copies of the underlying litigation file; and 2) $5,042.38 for PDF images of the underlying litigation file. Doc. No. 166-1 at 4, 34.[17] Plaintiff argues, as she did above, that Defendant should not recover costs for making duplicate copies of the documents in its underlying litigation file. Doc. No. 170 at 10. As a result, Plaintiff

---

[16] Plaintiff does not challenge the amount of costs associated with providing copies of the electronic claim file. *See* Doc. No. 170 at 9-10.

[17] The undersigned notes that the costs for hard copies and PDF images of the contents of the underlying litigation file exceed the costs sought by Defendant by one cent.

maintains that Defendant should only recover the costs for making hard copies of the underlying litigation file. *Id*. Again, Defendant provides no explanation why it produced both hard and digital copies of its underlying litigation file to Plaintiff. *See* Doc. Nos. 166; 166-1 at 34. As such, the Court cannot determine whether it was necessary to make both hard and digital copies of the underlying litigation file. Accordingly, the undersigned finds that Defendant is only entitled to recover the cost for making hard copies of the underlying litigation file. *See Gary Brown & Assocs., Inc.*, 268 F. App'x at 846.

### 3. Copies of Plaintiff's Document Production.

Defendant seeks a total of $676.58 in costs for documents produced by Plaintiff in response to its written discovery, which consists of the following: 1) $360.76 charged by Plaintiff for a CD containing the responsive documents; and 2) $315.82 incurred by Defendant for making hard copies of the documents on the CD. Doc. No. 166-1 at 4, 37-38. Plaintiff maintains that Defendant should only recover the cost of the CD, arguing that it was not necessary to create hard copies of all the documents on the CD. Doc. No. 170 at 10. While it was likely necessary to make hard copies of some of the 2,798 pages on the CD, Defendant has not explained why it was necessary to make hard copies of all the documents on the CD. As such, the Court cannot determine whether it was necessary to make hard copies of all the documents on the CD. Accordingly, the undersigned finds that Defendant is only entitled to recover the cost for the CD. *See Gary Brown & Assocs., Inc.*, 268 F. App'x at 846.

### 4. Costs of Trial Notebooks.

Defendant seeks a total of $4,944.95 in costs for the preparation of trial notebooks, which consists of the following: 1) $3,608.80 for hard copies of 27,760 pages; 2) $121.50 for four hundred fifty (450) pre-printed mylar tabs; 3) $30.00 for twenty (20) CD/DVD envelopes; 4)

$499.75 for twenty-five (25) 4 inch binders; 5) $339.90 for ten (10) 5 inch binders; and 6) $345.00 for sales tax. Doc. No. 166-1 at 4, 39. Plaintiff maintains that making copies of 27,760 pages was not necessary for trial. Doc. No. 170 at 10. Instead, Plaintiff argues that Defendant should only recover costs for the 651 pages it offered as exhibits during trial. *Id*. at 11. Plaintiff further argues that Defendant should not recover any costs for the incidental items, such as the CD/DVD envelopes, tabs, and binders. *Id*. (citing *Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, at *16 (S.D. Fla. Sept. 14, 2010)).

The undersigned is persuaded that the preparation of the trial notebooks was necessary for use in this case. As such, the undersigned determines it was necessary to make 27,760 copies for the trial notebooks. However, Defendant is not entitled to recover any of the incidental costs incurred in the creation of the trial notebooks. *See, e.g.*, *Powell*, 2010 WL 4116488, at *16 (citing authority). Accordingly, the undersigned finds that Defendant is only entitled to recover costs for the copies in the trial notebooks at the rate charged by the photocopy service, i.e., thirteen (13) cents per page. *See, e.g.*, *Perkins v. Tolen*, Case No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, *3 (M.D. Fla. Jul. 13, 2012) *report and recommendation adopted*, 2012 WL 3244688 (M.D. Fla. Aug. 7, 2012) ("Within the Middle District, and the Eleventh Circuit generally, there is broad consensus that the reasonable market rate for copies is $.10 to $.15 cents.").

### 5. In-House Copies.

Plaintiff argues that Defendant should not recover any costs for in-house copies, because Defendant has failed to provide sufficient information to determine whether the in-house copies were necessarily obtained for use in the case. Doc. No. 170 at 11-12. A prevailing party seeking costs for in-house copies often, if not always, holds the information necessary to determine whether such copies were necessarily obtained for use in the case. As such, a party seeking such

costs must provide the Court with sufficient information to determine the purpose of the in-house copies. Defendant has not met that burden. The invoices for in-house copies are heavily redacted, and thus provide no insight into why such copies were made. Doc. No. 166-1 at 42-55. Further, Defendant's short description of the in-house copies suggest that the copies were not necessarily obtained for use in the case, but made for counsels' convenience. Doc. No. 166-1 at 4. Accordingly, on this limited record, the undersigned finds that Defendant is not entitled to recover any costs for in-house copies. *Gary Brown & Assoc., Inc.*, 268 F. App'x. at 846.

### E. Mediation Fee.

Defendant seeks a total of $675.00 in mediation fees, which represents Defendant's portion of the mediation fee incurred in this case. Doc. Nos. 166 at 4; 166-1 at 1, 4, 57. Mediation expenses are not recoverable under § 1920. *See Nicholas v. Allianceone Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (affirming district court's denial of mediation fees under § 1920) (citing *Gary Brown & Assoc., Inc.*, 268 F. App'x. at 845-46). Accordingly, the undersigned finds that Defendant is not entitled to recover the mediation fee it incurred in this case.

### F. Summary.

In summary, the undersigned finds that Defendant should be awarded a total of $14,042.61 in costs, which consists of the following: 1) $360.00 for serving subpoenas; 2) $6,473.99 for deposition and trial transcripts; 3) $348.72 for witness fees; and 4) $6,859.90 for copies.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc No. 166) be **GRANTED** only to the extent that Defendant be awarded $14,042.61 in costs; and

    2.   Otherwise, the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2015.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy